UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

LYNELL WILLIS                                                                                          Plaintiff

v.                                                                            Civil Action No. 3:21-cv-334-RGJ

NATALIE THOMPSON, *et al.*                                                                        Defendants

\* \* \* \* \*

## **MEMORANDUM OPINION AND ORDER**

Plaintiff Lynell Willis filed the instant *pro se* action. A review of the complaint reveals that this Court lacks jurisdiction over the subject matter of the action, and the Court will dismiss the case. It will also warn Plaintiff that engaging in further harassing and abusive conduct or filing further frivolous lawsuits will result in sanctions against him.

**I.**

Plaintiff names as Defendants Natalie Thompson and Renee Koch, who are both employees of the Western District of Kentucky Clerk of Court's Office. Where the complaint form asks for the basis for federal-question jurisdiction, Plaintiff states, "Not complying with Ky. state & federal statutes in a federal case that carries diversity citizenship, stalking, harassing, emotional distress, disturbing the peace respect, privacy of a person's civil suit racial discrimination sexual harassment assault 4th with their claims of [illegible]." As his statement of claim, Plaintiff states as follows:

> I was disrespected by secrtaries Renne Koch & Natile Thompson in the last year of highschool by the two admistering themselves to sperm: backfire while farting from their behind, not only that I feel like the two had already found out about my first civil suit of kidnapp & sexual assault by the two district judges 1 now circuit. I also have a serious feeling they are hiding unidentified truths about the life of the judges in the Gene Snyder Courthouse. If so I know the truths about it or . . .

(Ellipses by Plaintiff). In the relief section of the complaint form, Plaintiff states, in part, as follows:

> I would like the courts to dismiss the secretaries Koch : Thompson for failure to comply with work rules pertaining to a plaintiff in a civil suit that are claims about state & federal statutes being broken. I would like the courts to polygraph the two if they know what happened to the judges.

## II.

"[A] district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure when the allegations of a complaint are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999). A complaint is "frivolous" if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim lacks an arguable basis in fact if it is "'premised on clearly baseless factual allegations that describe fantastic or delusional scenarios, rising to the level of the irrational or the wholly incredible.'" *Selvy v. Dep't of Hous. & Urban Dev.*, 371 F. Supp. 2d 905, 908 (E.D. Mich. May 31, 2005) (quoting *Tenn. ex rel. David Francis Fair v. Comm'r*, No. 3:04-cv-494, 2004 U.S. Dist. LEXIS 26677 (E.D. Tenn. Nov. 4, 2004)). Even liberally construing the *pro se* complaint, which the Court must do, the Court concludes that the allegations meet this standard for dismissal.

Accordingly, Plaintiff has failed to establish that this Court has subject-matter jurisdiction over this action, and the Court will dismiss this action by separate Order.

## III.

The Court finds that the allegations in the instant complaint are not only frivolous but are also harassing and abusive. Moreover, Plaintiff is well-known to the Court. He has filed thirty-five civil actions in this Court since February 15, 2019, including nineteen cases filed since January

13, 2021. Of the twenty-one cases which have been reviewed by the Court thus far, each was dismissed, and fourteen of his cases were dismissed as frivolous either under 28 U.S.C. 1915(e)(2)(B)(i) or *Apple v. Glenn* or both.

It is well established that a court possesses the inherent authority to control proceedings before it, and to take any and all necessary and appropriate steps to manage its docket. *Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991). Where a party repeatedly takes actions that interfere with the orderly processing of cases or that undermine the dignity and solemnity of court proceedings, a court may impose appropriate sanctions to prevent such conduct, *Chambers*, 501 U.S. at 45-46, including entry of an order prospectively requiring the vexatious litigant to obtain permission from the Court before filing any new lawsuit. *Filipas v. Lemons*, 835 F.2d 1145, 1146 (6th Cir. 1987); *Maxberry v. S.E.C.*, 879 F.3d 222, 224 (6th Cir. 1989). The **Court WARNS Plaintiff** that, if he engages in further harassing or abusive conduct, including nonsensical allegations against Clerk's Office employees such as made in this case, or files further frivolous lawsuits, it will impose sanctions against him, including but not limited to prefiling restrictions.

Date: July 22, 2021

Rebecca Grady Jennings, District Judge
United States District Court

cc: Plaintiff, *pro se*
     Defendants
A961.010